IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO,

        Plaintiff,                    No. CIV S-06-1838 GEB KJM P

    vs.

MATTHEW KRAMER, et al.,

        Defendants.            <u>ORDER</u>

                               /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

1          Plaintiff alleges that he has been incorrectly identified as "Mexican" on his prison
2   identification card when in fact he should be listed as "other" or "Hispanic." He contends that
3   this classification has subjected him to lockdowns and loss of privileges based on ethnicity. He
4   also claims his life is in jeopardy as a result of the misclassification. Plaintiff names as
5   defendants correctional officers Levan and Burchieifield, who initially listed him as Mexican on
6   his identification card; correctional sergeant Mineau, who refused to correct the error even
7   though he knew plaintiff is not Mexican; and correctional counselor Taylor, who refused to meet
8   with him to correct this problem. He brings this action under 42 U.S.C. §§ 1983, 1985 and 1986.
9          To the extent plaintiff is challenging his classification, his complaint does not
10  state a claim under the civil rights act, for there is no constitutional right to a particular
11  classification in prison. Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).
12         Plaintiff fares somewhat better if his complaint is read as challenging false
13  information on his identification card. In Paine v. Baker, 595 F.2d 197 (4th Cir. 1979), the Court
14  of Appeals recognized that

> in certain limited circumstances a claim of constitutional
> magnitude is raised where a prisoner alleges (1) that information is
> in his file, (2) that the information is false, and (3) that it is relied
> on to a constitutionally significant degree.

Id. at 201; see also Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (declining to reach question whether there is liberty interest in accurate information in prison file because it found Washington state regulations created such an interest); but see Velasquez v. Woods, 329 F.3d 420, 421-22 (5th Cir. 2003) (no constitutional right to expunge false information from prison file).

         In this case, plaintiff has alleged that the information about his ethnicity on his identification card is false and that as a result, he has been subjected to lockdowns and loss of privileges. This is not reliance of a constitutionally significant degree, because these do not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents

3

of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). These allegations should not be part of any amended complaint.

Plaintiff does allege that the misclassification has jeopardized his life; it is not clear from the complaint, however, how the notation on his identification card has endangered him or that prison officials are aware of the danger. He will be given an opportunity to amend this portion of his complaint to state a claim if he is able to while complying fully with Federal Rule of Civil Procedure 11.

Plaintiff also invokes 42 U.S.C. § 1985 and 1986 as bases for his suit; 42 U.S.C. § 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws" or of any other constitutional right. Although plaintiff challenges his ethnic classification, he does not allege that the classification was undertaken in order to deprive him of equal protection. Moreover, he has not pleaded specific facts showing an agreement among the defendants to deprive him of his constitutional right, a requirement of § 1985(3). Margolis v. Ryan, 140 F. 3d 850, 853 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). He will be given leave to amend this portion of the complaint.

A claim under 42 U.S.C. § 1986 depends on the viability of the claim under § 1985, for it allows one to sue those who failed to prevent the actions which violated § 1985. Bowman v. City of Middletown, 91 F.Supp.2d 644, 663 (S.D.N.Y. 2000). This portion of plaintiff's complaint similarly does not state a claim because his cause of action under § 1985 is not colorable.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

/////

5. The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

DATED: February 8, 2007.

_____
U.S. MAGISTRATE JUDGE

2
arme1838.14